**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DENNIS DOBBS,**                                                                            **PLAINTIFF**

**V.**                                          **NO. 4:07CV190-P-B**

**CANTEEN CATERING SERVICE, et al.,**                               **DEFENDANTS**

**MEMORANDUM OPINION**

Presently before the court is Defendants' motion for summary judgment. Upon due consideration the court finds that the motion should be granted. Furthermore, the court finds that Plaintiff, Dennis Dobbs, who has proven himself to be a persistent abusive litigant, should be barred from filing any 42 U.S.C. § 1983 cases in this court without regard to content or origin.

*A. Factual and Procedural Background*

Plaintiff Dennis Dobbs is an inmate proceeding *pro se* in this case. His complaint was filed on October 15, 2007, in state court. The matter was subsequently removed to this court on November 14, 2007, where Defendants asked that the court review the merits of the complaint pursuant to 28 U.S.C. § 1915. Since Dobbs had not moved to proceed as a pauper, Defendants' request was appropriately denied. However, due to his well-documented abusive litigation, the court issued an order requiring Dobbs to demonstrate why he should be allowed to participate in any civil action in this district. Dobbs unconvincingly responded to the show cause order.

Putting aside for a moment the court's familiarity with Plaintiff's recreational litigation, the present complaint alleges that Defendants violated Dobbs' Eighth Amendment right to be free from cruel and unusual punishment and/or denial medical treatment. Plaintiff avers that he is a diabetic and as such he is entitled to adequately nutritious meals tailored to his medical condition. More specifically, Plaintiff states that he has been denied a "snack bag" for a "couple of weeks" beginning September 6, 2007[1], and on at least one occasion did not receive a "diet tray." Plaintiff also contends the quantity of food in the dietary meals is insufficient.

---

[1] Perplexingly, Plaintiff then states he could receive a snack bag.

*B. Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

*C. Discussion*

1. Physical Injury Required for Compensatory Damages

The Prison Litigation Reform Act provides in part, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). A prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e),

the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Despite his assertions, Plaintiff has not alleged *any* physical injury as a result of purportedly being denied a snack bag or the alleged nutritionally inadequate meals. There is no indication Plaintiff's medical condition was aggravated by the isolated incident. Plaintiff does not mention any illness occasioned because he did not receive a diabetic snack or food tray. In fact, documentation submitted with the complaint indicates Plaintiff was seen in the "chronic clinic" on September 6, 2007, and showed no sign of diabetic debilitation. A claim for damages is barred if no physical injury is alleged. *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Accordingly, Plaintiff may not recover the $50,000 in damages he seeks. The Fifth Circuit has recognized, however, that a plaintiff may be entitled to nominal damages if there has been a constitutional violation without an actual injury. *Williams v. Kaufman County*, 353 F.3d 994, 1014 (5th Cir. 2003).

2. Eighth Amendment Violation

To state a claim for a violation of the Eighth Amendment based on either "cruel and unusual punishment" or "denial of medical treatment" a plaintiff must prove that the defendants were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In interpreting the applicable mental standard for "deliberate indifference" in conditions of confinement cases, *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995), the Supreme Court has held the standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

Deliberate indifference is the equivalent of wanton behavior rather than inadvertence or error in good faith. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The failure to alleviate a significant risk that the official should have perceived but did not is insufficient to show deliberate indifference. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citations omitted). The establishment of mere negligence is not a sufficient basis for recovery. *Neals*, 59 F.3d at 533. Moreover, the negligent treatment of a medical condition is not constitutionally inadequate. *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996).

Admittedly, under certain circumstances diabetes can be a serious medical condition and the failure to properly treat the disease could support an Eighth Amendment claim. *Walker v. Oldham*, 996 F.2d 308, 1993 WL 241902 at *3 (5th Cir. Jun. 25, 1993) (prisoner may be able to recover because jail refused to serve him a diabetic meal). According to Plaintiff, he was placed on an 1800 calorie a day restricted diet on September 6, 2007.[2] Plaintiff complains that he was denied a diet tray and snack bag from September 6 to October 1, 2007.[3]

In their motion for summary judgment, Defendants have thoroughly discussed the procedure and process by which an inmate receives a diabetic diet tray. Defendants explain that the canteen may not serve a diet tray to any inmate without a medical order which should be renewed quarterly. The diabetic diet, designed by a dietician, includes three full meals and one after dinner snack per day. The process for distributing meals to those with prescription diets requires the inmate to present his identification card and sign a log confirming receipt of the restricted meal. If the prisoner does not present his identification card and sign the log, he does not receive a meal conforming to his particular medical needs. Defendants contend this distribution process is

---

[2] Apparently, Plaintiff's diabetes is controlled with diet and not insulin. The court is not convinced the severity of Plaintiff's diabetic condition would satisfy the constitutional definition of "serious medical condition."

[3] Plaintiff provides inconsistent dates for which he was purportedly denied the diet trays and/or snacks. Based on documentation signed by a registered nurse, the court uses "September 6, 2007" as a beginning point. It should also be noted that Plaintiff did not go without food. He was instead, according to his complaint, provided a regular food tray.

necessary to ensure inmates comply with their prescribed dietary restrictions and to prohibit inmates from trading their food. Defendants have provided an affidavit of John Wilson, food services director for the canteen. Wilson attests that, upon learning of Plaintiff's complaint, he conducted an investigation. He states, the investigation revealed that Plaintiff was refused a snack bag only after "improperly consuming a higher calorie unrestricted diet meal." Defendants have provided copies of the diet meal receipt logs for twenty different dinner services beginning on September 28, 2007 and ending with December 23, 2007. Plaintiff's signature is conspicuously missing from each log.

Plaintiff does not dispute the Defendants' investigatory findings and he does not deny consuming more calories than he is medically prescribed prior to being refused a snack bag. Plaintiff, instead, focuses on the presumptive inadequacy of the diet meals. Having reviewed the entire record, it seems as though Dobbs, who clearly is not satisfied with the quantity or quality of the medically prescribed diabetic diet trays, periodically chooses to eat the regular unrestricted meals to satisfy his appetite and then complains about being denied the supplemental diabetic snack bag. This is obviously a case of an inmate who quite literally "wants to have his cake and eat it too."

The court will not hear Plaintiff complain about the consequences of his actions brought about by his own conduct. In other words, he cannot create a situation in which the Defendants are prohibited by policy and medical advice from serving him a diet tray and then attempt to hold them accountable for his actions. If Plaintiff chooses to forgo the medically prescribed diet to the detriment of his own health–which has not been placed in issue– the Defendants are not liable. There is simply no proof of a policy or custom that results in undernourishing diabetic inmates or depriving them of a diet meal when ordered by a physician. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). To the contrary, Defendants have a comprehensive policy and well developed procedures for preparing and distributing medically restricted dietary meals to the inmates. *Taylor v. Anderson*, 868 F. Supp. 1024, 1025-26 (N.D. Ill.

5

1994) (court denied motion to dismiss where inmate alleged defendant wholly failed to provide adequate prescribed diabetic).

Assuming *arguendo*, Plaintiff's diabetes is considered a serious medical condition, there is no indication that Defendants were deliberately indifferent to his disease. *Mikesell v. Brown*, 55 Fed. Appx. 717, 2002 WL 31933195 at *1 (5th Cir. Dec. 23, 2002) (affirming summary judgment based on the absence of deliberate indifference where prisoner plaintiff did not receive and insulin shot on four occasions). In the absence of corroborating evidence, the court will not imagine a cooperative Plaintiff was, without justification, denied diet meals. At the very best, Plaintiff has stated–not proven– only negligent conduct of Defendants. There being no constitutional violation, Plaintiff's claim fails.

Furthermore, given the posture of this case, Plaintiff's conclusory and unsupported allegations are easily overcome by Defendants uncontradicted proof. *Jackson v. Lucine*, 119 Fed. Appx. 70, 2004 WL 2903661 at *1 (9th Cir. Dec. 14, 2004) (prisoner failed to state a claim for allegedly being denied diabetic meals); *Humphrey v. McCurtain County*, 203 F.3d 835, 2000 WL 107401 at *2 (10th Cir. 2000) (court granted summary judgment where inmate alleged her diabetic diet was inadequate). Consequently, summary judgment shall be granted in favor of all Defendants. *Wallen v. Olsen*, 75 Fed. Appx. 289, 2003 WL 22139580 (5th Cir. Sept. 17, 2003) (district court dismissed prisoner's claim of being fed non-diabetic food as frivolous) (remanded on other grounds)*; see, also Lingo v. Boone*, 402 F. Supp. 768, 770 (N.D. Cal. 1975) (denial of a special diabetic diet did not constitute a civil rights violation); *Owens v. Robinson*, 442 F. Supp. 1368, 1391 (D.C. Pa. 1978) (failure to provide a special diabetic diet did not establish a constitutional violation).

### D. Barring an Abusive Litigant

When a litigant's abuse of process overburdens a court, the Fifth Circuit has approved the use of strong sanctions which have included a refusal to allow the person to file any more complaints or motions in the district court without first obtaining leave of court to do so. *Tribbit v. Ward*, 81

F.3d 156, 1996 WL 101558 at *1 (5th Cir. 1996); *Green v. Carlson*, 649 F.2d 285, 286 (5th Cir. 1981) (forbidding any pleadings). Because of his well-documented frivolous litigation, Dennis Dobbs has long been barred from filing any civil cases in this court as a pauper.[4] *See Dobbs v. Clay Co. Sheriff Dept.*, 1:04CV141-M-D (N.D. Miss. May 17, 2004). Undeterred by the bar, Dobbs routinely attempts to prosecute civil cases in this court complaining of nearly every facet of prison life he finds objectionable. In fact, Dobbs has been sanctioned on three separate occasions for habitual and vexatious litigation. *See Dobbs v. State of Mississippi*, 1:05MC004; *Dobbs v. Medlin*, 1:05MC019; *Dobbs v. MDOC*, 1:05MC020. Dobbs has been warned that his pleadings would no longer be accepted by the court and that any further attempts to file pleadings contrary to the bar imposed would result in additional and increasing sanctions. *Dobbs*, 1:05MC20. Despite the warnings and sanctions which are still outstanding, Dobbs continues to consume far too much of the court's resources for his own amusement. As discussed above, this matter is no exception to Dobbs' proclivity for frivolous litigious behavior.

Therefore, from his day forward, this court will no longer allow Dobbs to file, either directly or indirectly, any civil matter in this court without payment of the outstanding sanctions *and* written permission from a United States District Judge. Furthermore, with every attempted filing that has not received prior approval, Dobbs will be sanctioned in increasing increments. Dobbs is additionally barred from filing any civil action in this court and from filing any civil action in any other court that is removable or transferable to this court, without first paying the outstanding sanctions *and* obtaining written permission from a United States District Judge. If Plaintiff files a motion for leave to file a new complaint, the proposed complaint must be attached to the motion,

---

[4] Since 1992, including this case, Dobbs has prosecuted twenty-seven § 1983 civil actions in this district. *See* 1:03CV122; 1:04CV141; 1:04MC002; 1:04MC006; 1:05MC019; 1:05MC020; 1:92CV071; 1:92CV331; 1:93CV139; 1:93CV170; 1:93CV173; 1:93CV174; 1:93CV182; 1:93CV200; 1:93CV227; 1:93CV271; 1:93CV371; 1:93CV372; 1:94CV017; 3:06MC016; 4:03CV307; 4:04MC010; 4:07MC004; 1:05MC004; 1:93CV062; and 4:07CV191. None of these cases have been resolved in Dobbs' favor and most have been dismissed as frivolous. Dobbs has also filed at least six different habeas petitions. *See* 1:03CV123; 1:04CV098; 1:07CV048; 1:07CV049; 1:07CV097; and 1:91CV342.

and any such motion for leave should be filed as a miscellaneous case and submitted to an Article III judge for review. If Dobbs seeks to appeal this dismissal, his notice of appeal must be accompanied by the appeal fee of $455.00. The bars imposed by this opinion and corresponding order will be effective until the order has been vacated or set aside by an appellate court.

Finally, Plaintiff currently has *Dobbs v. Delta Correctional Facility*, 4:07CV191-P-B pending–another case removed from state court– which is also subject to review and dismissal consistent with this opinion.

*E. Conclusion*

For all the foregoing reasons, the court finds that there is no genuine issue of disputed fact worthy of a jury's consideration. Therefore, Defendants' summary judgment motion shall be granted. Additionally, as discussed *supra*, Dennis Dobbs shall be prohibited from filing or causing to be filed any civil action in Northern District of Mississippi without payment of the outstanding sanctions *and* prior approval of a district judge.

A separate order in accordance with this opinion will be entered.

THIS the 18th day of April, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE